WILMINGTON CAPE FEAR CORPORATION v. CAPE FEAR HOTEL COMPANY, INCORPORATED, W. R. BARRINGER AND L. S. BARRINGER.

(Filed 28 October, 1931.)

**Appeal and Error J d—Where Supreme Court is divided the judgment of the lower court will be affirmed.**

Upon an even division of opinion of the Supreme Court on appeal, one *Justice* not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by defendants from *Midyette, J.,* at May Term, 1931, of NEW HANOVER. Affirmed.

*K. O. Burgwin and Carr, Poisson & James for plaintiff.*
*Rose & Lyon for defendants.*

PER CURIAM. *Justice Clarkson* not sitting and the other *Justices* being evenly divided in opinion, the judgment of the Superior Court is affirmed without becoming a precedent.

Affirmed.

---

MARGIE BALDWIN, ADMINISTRATRIX OF DANIEL BALDWIN, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 28 October, 1931.)

APPEAL by plaintiff from *Daniels, J.,* and a jury, at May Term, 1931, of CUMBERLAND. No error.

This is an action for actionable negligence, brought by plaintiff against defendant. The defendant denied negligence and set up the plea of contributory negligence. Margie Baldwin was duly appointed administratrix of Daniel Baldwin. Her intestate was killed by defendant Railroad Company in a collision about ten o'clock at night in Fayetteville, N. C., 2 May, 1930. Plaintiff's intestate was killed by defendant's freight train moving northwardly on the east main line along the middle of Winslow Street at the intersection with Franklin.

The issues submitted to the jury were as follows:

"1. Was the plaintiff's intestate killed by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff's intestate by his own negligence contribute to his death, as alleged in the answer? Answer: ... .. ..

3. What damages, if any, is the plaintiff's intestate entitled to recover of the defendant? Answer: ........."

The jury answered the first issue "No." The court below rendered judgment on the verdict for defendant. The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Dye & Clark for plaintiff.*
*Rose & Lyon for defendant.*

PER CURIAM. We have read the record and briefs of the litigants with care. We have heard the able attorneys argue the case before us. We have gone over the exceptions and assignments of error made by plaintiff and read the charge of the court below. We think the charge correct, and we see no new or novel proposition of law presented on the record. The controversy between the litigants was mainly questions of fact. The jury has decided with the defendant and we see no legal reason to disturb the judgment.

No error.

---

CITY OF WINSTON-SALEM v. W. S. SHEPHERD, SR., ET AL.

(Filed 4 November, 1931.)

APPEAL by plaintiff from *Warlick, J.,* at June Term, 1931, of FORSYTH. Affirmed.

*Parrish & Deal for plaintiff.*
*J. M. Wells, Jr., for W. S. Shepherd and wife.*
*Manley, Hendren & Womble for receiver.*

PER CURIAM. This is an action to foreclose a tax sales certificate. When the case came on for hearing a trial by jury was waived and the court found certain facts and rendered judgment thereon in behalf of defendants. This judgment was given in deference to the case of *Rexford v. Phillips,* 159 N. C., 213; *Stone v. Phillips,* 176 N. C., 457; and *Phillips v. Kerr,* 198 N. C., 252. The plaintiff admits that these cases are controlling unless there are local statutes which justify a judgment for the plaintiff. The statutes referred to are Public-Local Laws 1923, chap. 502, and Private Laws 1915, chap. 180. We are of opinion that an analysis of these statutes does not take the present case out of the principle laid down in the cases above cited with respect to the listing of property for taxation. The judgment is therefore

Affirmed.